UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Frank J. Brown,

    Plaintiff,

v.

Walgreen Co.,

    Defendant.

File No. _____

---

**COMPLAINT AND JURY DEMAND**

---

This is an action for damages arising from Defendant Walgreen Co. refusing to allow its longtime customer, Plaintiff Frank J. Brown, to use its restroom, even though it knew he suffers from a disability that renders him unable to control his bladder, as it had filled the prescription medication he takes to treat his disability for almost nine years. As a result of Defendant's conduct, Plaintiff soiled himself inside Defendant's store and was humiliated in front of Defendant's employees and customers. Defendant is therefore liable to Plaintiff under the Minnesota Human Rights Act, which places an affirmative duty on places of public accommodation such as Defendant to reasonably accommodate persons with disabilities.

**PARTIES**

1.    Plaintiff is a 61-year-old adult male who is a U.S. citizen and has been a resident and citizen of the state of Minnesota at all times relevant to this action.

2. Defendant Walgreen Co. is an Illinois corporation in the business of owning and operating a national chain of drugstores. Defendant's principal place of business is located at 108 Wilmot Road, Deerfield, Illinois 60015, and its registered office in the state of Minnesota is located at 2345 Rice Street, Suite 230, Roseville, Minnesota 55113. Defendant has thousands of employees.

## JURISDICTION

3. This is an action for relief under the Minnesota Human Rights Act, Minn. Stat. § 363A.01 *et seq.* (the "MHRA"). This Court has jurisdiction over this matter under 28 U.S.C. § 1332.  Venue is proper in this district under 28 U.S.C. § 1391, as the acts and omissions giving rise to this action occurred in this district, and the Defendant resides in this district.

## GENERAL ALLEGATIONS

4. Plaintiff suffers from an enlarged prostate.

5. Plaintiff's health care providers diagnosed him as suffering from an enlarged prostate in or around 2009.

6. Plaintiff's health care providers prescribed him medication to treat his enlarged prostate.

7. Plaintiff had his prescription medication filled at Defendant's store located at 425 Wabasha Street, St. Paul, Minnesota since around 2009.

8. As a result of Plaintiff's enlarged prostate and the prescription medication he takes to treat his condition, Plaintiff has a difficult time controlling his bladder, and frequently has sudden, urgent needs to urinate.

9. When Plaintiff suffers from a sudden, urgent need to urinate, he needs to urinate immediately.

10. Plaintiff's health care providers have documented that his enlarged prostate and the prescription medication he takes to treat his condition result in him having a difficult time controlling his bladder and suffering from sudden, urgent needs to urinate.

11. Due to Plaintiff's medical condition, he wakes up several times a night to urinate, and hasn't gotten a full night's sleep in over four years.

12. Plaintiff's enlarged prostate substantially and materially limits his ability to perform major life activities and functions such as bladder function, urinating, sleeping, and working.

13. Plaintiff was born with an impairment in his left leg that required him to have corrective surgery at a very young age, left him wheelchair-bound until the age of eight, and required him to wear leg braces until he was about 14 years old. Plaintiff does not have a knee cap.

14. Plaintiff's leg impairment substantially and materially limits his ability to perform major life activities and functions such as mobility, bending, standing, and walking.

15. Plaintiff regularly filled his prescription medications at Defendant's Wabasha Street store in St. Paul.

16. On or around May 24, 2016, Plaintiff purchased an item at Defendant's Wabasha Street store in St. Paul.

17. Immediately after making the purchase and exiting the store, Plaintiff had an urgent need to urinate and re-entered the store to use the restroom.

18. Plaintiff requested Defendant's employees to use Defendant's restroom, and explained to them that he needed to urinate urgently.

19. Defendant's employees knew about Plaintiff's medical impairment, as Plaintiff explained his medical impairment and his urgent need to urinate to them, and they had filled the prescription medication he takes to treat his impairment on numerous occasions.

20. Defendant's employees refused Plaintiff's request to use the restroom, and told him the restroom was for employees only.

21. Defendant's employees told Plaintiff that he could use the public restroom across the street.

22. Plaintiff told Defendant's employees that his disabilities rendered him unable to hold his bladder long enough to make it to the restroom across the street.

23. One of Defendant's employees told Plaintiff that he "better get running."

24. Plaintiff lost control of his bladder and urinated on himself in front of several of Defendant's employees and customers.

25. The employee who told Plaintiff that he "better get running" smirked at him when he soiled himself.

26.     Defendant's conduct caused Plaintiff to suffer harm and damages, including but not necessarily limited to physical discomfort, emotional harm, stress, anxiety, embarrassment, humiliation, and shame.

27.     Plaintiff filed a charge of discrimination with the St. Paul Department of Human Rights and Equal Economic Opportunity in June 2016 in connection with the events giving rise to this lawsuit.

28.     Plaintiff alleged in his Charge that Defendant's conduct, as detailed above, constituted unlawful disability discrimination.

29.     The Department found probable cause that Defendant's conduct, as detailed above, constituted unlawful disability discrimination.

30.     The Department issued Plaintiff a notice of right to sue letter, dated November 29, 2017.

31.     Plaintiff received the letter via U.S. Mail on or around December 4, 2017.

### *Respondeat Superior Liability*

32.     The acts and omissions of Defendant's employees, as set forth above, were committed within the time and space limits of their agency relationship with their principal, Defendant Walgreen Co.

33.     The acts and omissions of Defendant's employees, as set forth above, were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Walgreen Co.

34. By committing these acts and omissions against Plaintiff, Defendant's employees were motivated to benefit their principal, Defendant Walgreen Co.

35. Defendant is therefore liable to Plaintiff through the doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its employees.

## COUNT I
## VIOLATION OF THE MINNESOTA HUMAN RIGHTS ACT

36. Plaintiff restates the allegations contained in the preceding paragraphs as though fully stated herein.

37. Plaintiff was a disabled person, as that term is construed under the MHRA, at all times relevant to this action.[1]

38. Defendant is a "place of public accommodation," as that term is defined under the MHRA. Minn. Stat. § 363A.03, subd. 34.

---

[1] Minn. Stat. § 363A.03, subd. 12 (a "disabled" person is someone who has a physical, sensory, or mental impairment which materially limits one or more major life activities, has a record of such an impairment, or is regarded as having such an impairment); *see also* 42 U.S.C. § 12102(2) (under the ADA, major life activities "include, but are not limited to caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working [and] the operation of a major bodily function, including but not limited to, functions of the immune system, normal cell growth, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, endocrine, and reproductive functions; *Hamm v. Farney*, No. 9:13-CV-1302 DNH/CFH, 2014 WL 4370693, at *4 (N.D.N.Y. Aug. 28, 2014) (finding that someone who suffers from an enlarged prostate is disabled under the Americans with Disabilities Act); *Kolton v. Cnty. of Anoka*, 645 N.W.2d 403, 407 (Minn. 2002) (stating that the Minnesota Supreme Court has consistently looked to federal interpretations of discrimination statutes for guidance in interpreting the MHRA).

39. The MHRA requires places of public accommodation to make reasonable accommodations to the known disabilities of disabled persons. Minn. Stat. § 363A.11, subd. 1(2).

40. The MHRA requires places of public accommodation to make reasonable modifications to policies, practices, or procedures to accommodate persons with disabilities. Minn. Stat. § 363A.11, subd. 3(2).

41. Defendant's Wabasha store in St. Paul had the practice of allowing restroom access to elderly customers, pregnant women, and young children.

42. Even though Plaintiff was an elderly person, as that term is defined under Section 183.02(7) under the St. Paul Human Rights Ordinance, Defendant refused to allow him to use its restroom.

43. Defendant is a "retail establishment," as that term in defined under Minn. Stat. § 325E.60, subd. 2(c).

44. Plaintiff was a "customer" with an "eligible medical condition," as these terms are defined under Minn. Stat. § 325E.60, subd. 2, at all times relevant to this action.

45. Under Minn. Stat. § 325E.60, subd. 3, a retail establishment that has a restroom facility for its employees has a duty to allow customers with eligible medical conditions to use that facility during normal business hours if the restroom facility is reasonably safe and three or more employees are working at the time the customer requests to use the facility.

46. At the time Plaintiff requested to use Defendant's restroom, three or more employees were working, the restroom was reasonably safe, and, given Plaintiff's disabilities, a public restroom was not immediately accessible to him.

47. Plaintiff's request to use Defendant's restroom, as described above, was reasonable.

48. Defendant's conduct in refusing Plaintiff's request, as set forth above, constituted disability discrimination against Plaintiff in violation of the MHRA.

49. As a result of Defendant's conduct, Plaintiff suffered the harm and damages described above.

## JURY DEMAND

50. Plaintiff demands a jury trial.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant as follows:

1. Enter judgment in Plaintiff's favor on his claims against Defendant, the exact amount to be proven at trial;

2. Award Plaintiff actual and compensatory damages, including treble damages, prejudgment and postjudgment interest, the exact amount to be proven at trial;

3. Award Plaintiff equitable damages, the exact amount to be proven at trial;

4. Award Plaintiff reasonable expenses incurred in this litigation, including attorney and expert fees;

5. Award Plaintiff punitive damages;

6. Grant Plaintiff leave to amend his Complaint to include a claim for punitive damages to the extent the Court believes such leave is necessary;

7. Grant Plaintiff all other statutory relief to which he is entitled;

8. Grant Plaintiff leave to amend the Complaint if the Court finds it deficient in any way; and

9. Grant any other relief the Court deems just and equitable.

Dated: January 5, 2018       *s/Joshua R. Williams*
Joshua R. Williams (#389118)
jwilliams@jrwilliamslaw.com
2836 Lyndale Avenue S, Suite 160
Minneapolis, Minnesota 55408
(612) 486-5540
(612) 605-1944 Facsimile

**ATTORNEY FOR PLAINTIFF**